**WORTHINGTON COMPRESSORS, INC., Appellant,**

v.

**Anne M. GORSUCH, Individually and as Administrator, Environmental Protection Agency, et al., Appellees.**

**GARDNER–DENVER COMPANY, Appellant,**

v.

**Anne M. GORSUCH, Individually and as Administrator, Environmental Protection Agency, et al., Appellees.**

**SCHRAMM, INC., Appellant,**

v.

**Anne M. GORSUCH, Individually and as Administrator, Environmental Protection Agency, et al., Appellees.**

**INGERSOLL–RAND COMPANY, Appellant,**

v.

**Anne M. GORSUCH, Individually and as Administrator, Environmental Protection Agency, et al., Appellees.**

**Nos. 80–1010 to 80–1013.**

United States Court of Appeals, District of Columbia Circuit.

20 Nov. 1981.

Before PECK *, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, and WILKEY and GINS-BURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Appellees have filed a petition requesting this court to modify its opinion to correct an alleged error in setting forth the standard of review in the district court. The issue raised by appellees is whether in reverse-FOIA cases the district court may conduct a de novo hearing or whether it may consider only the adequacy of the agency record.[1] This court held that the APA provides the sole basis for review of EPA's decision to disclose appellants' production verification reports, but ruled that the district court's grant of summary judgment was erroneous. We remanded to the district court for further proceedings, leaving it free to decide whether to remand to EPA or to resolve the disputed factual issues itself. Appellees contend that this was erroneous because the district court may consider only the evidence in the agency record; on this view we should have remanded directly to EPA. In requesting modification of our opinion, appellees seek either an opportunity to brief the issue fully or a postponement of our consideration of the issue until a decision is reached in *National Organization for Women v. Social Security Administration*,[2] a case pending in this court which directly presents the scope of review issue. We do not believe it is necessary for this court to decide the issue, and we therefore deny the petition.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. We note that appellees have raised this issue belatedly, even though there were several reasons for them to have raised it from the start. First, the district court reached its decision not by evaluating the agency record, but by considering opposing affidavits filed with the court and by finding that summary judgment was proper because plaintiffs' factual contentions were wrong or irrelevant. Of course appellees would not be expected to challenge this approach directly since they prevailed in the district court, but they could have emphasized in their brief to this court their view that the district court's review was limited to the facts in the agency record. Instead, they merely joined issue with appellants on whether summary judgment was appropriate on the basis of the evidence presented to the district court. Second, appellants stated in their brief that "remand to the district court is required for a hearing to resolve the disputed factual issues." Brief for Appellants at 22. Despite this direct request for what appellees now claim is an erroneous disposition, appellees' brief did not challenge it or even suggest what action would be appropriate in case this court reversed. Finally, appellees should have been aware that the Government had taken a firm position on the de novo review question in *National Organization for Women v. Social Security Administration*, Nos. 76–2119, 76–2128, 76–2129, 76–2163, 77–1161, 77–1269, 77–1270 (D.C.Cir., argued 1 May 1980), a case briefed and argued in this court prior to the date on which they filed their brief in this case. They therefore should have given this court notice that if it reversed the judgment it might need to consider the issue of the scope of review in the district court.

The Government is in an awkward position, to say the least, when it fails to raise an issue with this court and then seeks to have an opinion modified on the ground that the court erred by not ruling in a certain way on that issue.

2. Nos. 76–2119, 76–2128, 76–2129, 76–2163, 77–1161, 77–1269, 77–1270 (D.C. Cir., argued 1 May 1980).

Initially, we note that we did not hold that the district court *must* or even *should* hold a de novo hearing, but rather simply left the district court with discretion to act as it saw fit. Our holding was a narrow one. We found that the district court had applied an erroneous standard of "confidentiality," and that under the proper standard there remained material factual issues that were not resolved. Accordingly, we found that summary judgment was not appropriate. Our remand to the district court specified that these factual issues needed to be resolved, but did not tell the court that it had to resolve them itself. The district court may remand to the agency for factfinding if it decides that de novo review is unwise or improper.[3]

Although we did not instruct the district court to hold a de novo hearing, we did not foreclose that possibility. We reject appellees' contention that this constituted error. The prevailing law in this circuit is stated in *Charles River Park "A", Inc. v. Department of HUD*,[4] which held that de novo review is appropriate in reverse-FOIA cases for the purpose of making the "threshold determination" whether the material in question "would have been exempt just as it would if a suit had been brought under the FOIA to compel disclosure."[5]

*Charles River Park "A"* seems especially pertinent to this case. In the normal reverse-FOIA case the ultimate issue is whether an agency violates the APA when it seeks to disclose submitted information which is exempt under FOIA. In that case the agency has some discretion to act, and the issue properly is limited to whether the record indicates that it has done so reasonably. In this case, however, EPA has made

a policy decision to give up that discretion and allow its decision to disclose to be determined by whether Exemptions 3 and 4 apply or not.[6] *The issue whether a FOIA exemption applies to appellants' production verification reports, unlike the issue whether to disclose when it is settled that an exemption does apply, is not one EPA has discretion in deciding. It rather is a legal question properly decided by the district court.* Thus, what *Charles River Park "A"* identified as a threshold question in the normal case is in this particular instance the *only* question that must be resolved.

We recognize that there is an open question whether this holding remains valid after the Supreme Court's decision in *Chrysler Corp. v. Brown*,[7] but we reject appellees' contention that *Chrysler Corp.* held that de novo hearings are impermissible in reverse-FOIA cases. Appellees rely on the Court's statement that "*De novo* review by the District Court is ordinarily not necessary to decide whether a contemplated disclosure runs afoul of § 1905,"[8] asserting that this forecloses the possibility of de novo review. This ignores the facts that the statement was qualified by the word "ordinarily" and that it spoke in terms of necessity rather than permissibility. More important, the Court remanded the case to the court of appeals for resolution of the § 1905 issue and stated: "Since the decision regarding this substantive issue—the scope of § 1905 —will necessarily have some effect on the proper form of judicial review pursuant to § 706(2), we think it unnecessary, and therefore unwise, at the present stage of this case for us to express any additional views on that issue."[9]

---

3. "In light of our opinion, which casts doubt on EPA's finding that the reports were *clearly* not entitled to confidential treatment, the district court may determine that EPA abused its discretion in invoking the summary procedure in this case, . . . and [may] remand to the agency for a redetermination of the confidentiality claims under § 2.204(d)(1)." Slip opinion at 18. We note that appellants stated that they would prefer a remand to EPA. *See* Brief for Appellants at 22. Since appellees now agree, such a disposition may well appeal to the district court.

4. 519 F.2d 935 (D.C.Cir.1975).

5. *Id.* at 940 n.4.

6. *See* slip opinion at 10–11.

7. 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).

8. *Id.* at 318, 99 S.Ct. at 1726.

9. *Id.* at 319, 99 S.Ct. at 1726.

We are in the same position as the Court in *Chrysler Corp.* We have not determined whether the disclosure here is exempt under Exemption 3, by virtue of § 1905 or § 4912(b)(1) of the Noise Control Act, or under Exemption 4. We therefore decline to decide the scope of review issue, and we do not prohibit the district court from determining that de novo review is appropriate.[10] The petition is denied.

---

10. Appellees argue that our citation of *Sears, Roebuck & Co. v. GSA*, 553 F.2d 1378 (D.C. Cir.), *cert. denied*, 434 U.S. 826, 98 S.Ct. 74, 54 L.Ed.2d 84 (1977), was erroneous because *Sears* found that reverse-FOIA actions were based on FOIA, a position repudiated in *Chrysler Corp.* We think our reliance on *Sears* was justified even though we based our review on the APA.

The issue addressed in *Sears* was not whether the agency could disclose material exempt under a FOIA exemption, but whether Exemptions 3 or 4 applied. *See id.* at 1381. This puts *Sears* squarely within the rule of *Charles River Park "A"*, which held that the threshold issue whether any FOIA exemptions apply to the information in question is one the district court may determine on the basis of de novo evidence. 519 F.2d 940 n.4; *see* p. 1373 & note 5 *supra.* We leave for the district court, and for

the court in *National Organization for Women*, the question of the continuing validity of *Charles River Park "A"* in light of *Chrysler Corp. v. Brown.*

We note, however, that *Sears* fit precisely the posture of this case. The district court's decision was based on finding no material facts in dispute; we reversed under *Sears* because the competitive injury issues addressed in the district court's opinion could not be resolved without resolution of certain factual issues. Appellees never objected to the district court's approach to the case nor did they raise or preserve in this court the issue whether de novo review is permissible. *See* note 1 *supra.* We therefore have no reason to reconsider our adherence to *Sears*, which was based on well-established principles governing review of a district court grant of summary judgment.